Filed 10/6/21  P. v. Medeiros CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C091316 |
| Plaintiff and Respondent, | (Super. Ct. No. 18FE003991) |
| v. | |
| JULIAN FRANKLIN MEDEIROS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Julian Franklin Medeiros has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the entire record, we affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 123-124.)

BACKGROUND

In February 2018, then 15-year-old N.M. posted two pairs of size nine Nike Jordan shoes (a black and red pair and a black and gold pair) for sale on the application "LetGo." A person named Tony Azarello contacted N.M. through the application and they agreed on a price. They exchanged cell phone numbers through the application and began texting each other, arranging to meet at a park to complete the sale. The name associated with the cell phone texting with N.M. was Karina Lozano.

When N.M. arrived at the park, he saw a white Lexus. Defendant was the driver and a woman was seated in the front passenger seat. Defendant and the woman asked to see the shoes and N.M. handed them into the car. Defendant pulled out some money, asked the woman for some money, and then drove off without paying N.M. for the shoes. N.M. called 911 to report the theft.

Earlier that day, T.W. had posted her iPhone for sale for $500 on the LetGo application. A person named Tony Azarello contacted her through the application and they exchanged phone numbers. The name associated with the phone number Azarello used was a "number from a Katrina." T.W. and Azarello agreed to meet at a grocery store parking lot. About five minutes after T.W. arrived, the buyer arrived in a white car and parked next to T.W.'s car. Defendant was the driver, and there was a woman in the passenger seat. Defendant asked if he could check the phone and she handed it to him. He turned the phone on, tossed it to the woman, and reversed out of the parking spot without paying T.W. T.W. stepped in front of the vehicle, yelling, "Stop. Stop." She was about 10 feet in front of the car to the side, nearest to the headlight "on the right side." A few seconds later, the car hit her. She felt sharp, shooting pain in her hip and thigh, and dull, aching pain in her abdomen. T.W. called 911 to report the incident. She had bruising on her leg for six weeks and pain for approximately six months. She later identified defendant in a photographic lineup.

2

The phone number provided for text exchanges belonged to Karina Lozano at a specific address in Sacramento. Surveillance video from a nearby intersection showed a white sedan matching the description given by T.W. passing through the intersection approximately six minutes before T.W. called 911. The rear license plate of the car was visible on the video. The car was registered to defendant.

The next day police officers drove by Lozano's address, saw the white car parked in front of the house, and saw defendant leave the house, get into the car, and drive away. The car had damage to one of the fenders. When the police stopped and detained defendant a short time later, he was wearing red and black Nike Jordan shoes.

The jury found defendant guilty of second degree robbery of T.W. (Pen. Code, § 211; count one)[1] and assault with a deadly weapon upon T.W. (§ 245, subd. (a); count two), and found true the enhancement allegation attached to count one that defendant personally used a deadly and dangerous weapon, a motor vehicle (§ 12022, subd. (b)(1)).

The trial court granted defendant's motion to reduce the assault with a deadly weapon charge to a misdemeanor under section 17. The trial court also made an unusual case finding, suspended imposition of sentence, and placed defendant on five years' probation. The court ordered that defendant serve 364 days in county jail, and recommended him for a work furlough program. The trial court granted defendant four days of presentence custody credit. The court ordered defendant to pay $500 in direct victim restitution to T.W. (§ 1202.4), and imposed various fines and fees including restitution fines in the amount of $300 for the felony conviction and $150 for the misdemeanor conviction (§ 1202.4), imposed and stayed a $450 probation revocation restitution fine (§ 1202.44), imposed $80 in court operations assessments (§ 1465.8), and

---

[1] Undesignated statutory references are to the Penal Code.

3

$60 in criminal conviction assessments (Gov. Code, § 70373). The trial court struck the main jail booking fee, and cost of the investigation and presentence report.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.


      KRAUSE      , J.


We concur:


      MURRAY      , Acting P. J.


      HOCH      , J.